USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-12-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILTON BRATEN,

                           Plaintiff,

      - against -

ELIOT KAPLAN,

                          Defendant.

**MEMORANDUM OPINION AND ORDER**

**11 Civ. 3898 (DAB) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

Pending before the Court are multiple discovery issues before the Court raised by the Parties.

    1)    <u>Defendant's Interrogatories, November 18, 2011, Request for Production of Documents, and February 8, 2012, Supplemental Request for Production of Documents</u>

The Court finds Defendant's Interrogatories and Requests for Production of Documents overbroad and unlikely to lead to relevant, admissible evidence. For example, in Request No. 1, Defendant asks Plaintiff to "produce and identify by Bates stamp number all documents concerning or relating to the underlying action, including but not limited to all pleadings, discovery demands and responses, motion papers, notices of appeal, appellate briefs, stipulations exchanged therein, and all orders and rulings rendered by the court in the underlying action." Defendant's justification for the scope of this request is that such production goes to the mitigation of damages and proximate cause, while Plaintiff asserts that such requests are overbroad and intended to harrass. Plaintiff claims that Defendant, who was his former divorce attorney, is liable for malpractice, conversion, unjust enrichment, fraud and breach of contract. The Court agrees that the volume and breadth of documents requested do not appear to be designed to get information relevant to these claims. *See Pegoraro v. Marrero*, --- F.R.D. ----,

2011 WL 5223652, *7 (S.D.N.Y. November 2, 2011) (directing a party not to answer overly broad interrogatories). The Court finds this to be a general failing of the requests, and grants Plaintiff's request to be relieved of responding to them as drafted. The Court **ORDERS** the Defendant to produce revised interrogatories by **March 19, 2012**. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 370 (S.D.N.Y. 2010) (declining to "wade through" the various interrogatories to determine which ones are appropriate once the Court determined the scope and drafting by the defendant was overbroad).

2) <u>Scheduling Depositions</u>

On January 9, 2012, the Court indicated that depositions would begin with Plaintiff, and would be conducted without requiring Plaintiff to travel to this District. The Parties may agree on a mechanism for the deposition, but Defendant's choice will be presumptively appropriate if the travel restriction is addressed.

3) <u>Defendant's Malpractice Insurance Policy</u>

Plaintiff asserts that he has made multiple requests since October 2011 for Defendant to produce his malpractice insurance policy. Defendant does not appear to have objected to the request, and has provided no reason for the failure to respond. Defendant shall provide the Court with an explanation for his failure to timely produce the policy by **March 19, 2012**.

4) <u>Plaintiff's Request for Production of Documents</u>

Plaintiff complains that Defendant has not provided documents requested on November 6, 2011, in an accessible and efficient manner for Plaintiff to review them, and that this violates Rule 34(b)(2)(E)(I) of the Federal Rules of Civil Procedure. Defendant is **ORDERED** to appropriately label all files produced so that they properly correspond to the

categories in the requests.

**SO ORDERED this 12th day of March 2012**
**New York, New York**

*[signature: Ronald Ellis]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**